UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NIKI-ALEXANDER SHETTY,<br><br>    Appellant,<br><br>    v.<br><br>THE BANK OF NEW YORK MELLON,<br><br>    Appellee. | Case No. 17-CV-01464-LHK<br><br>**ORDER AFFIRMING BANKRUPTCY COURT'S GRANT OF RELIEF FROM AUTOMATIC STAY**<br><br>Re: Dkt. No. 12 |

Appellant Niki-Alexander Shetty ("Shetty") appeals an order of the United States Bankruptcy Court for the Northern District of California (the "Bankruptcy Court"), which granted The Bank of New York Mellon ("BNYM") relief from an automatic stay. Having considered the briefing of the parties, the relevant law, and the record in this case, the Court AFFIRMS the Bankruptcy Court's grant of relief from the automatic stay.

**I.    BACKGROUND**

**A.    Factual Background**

On September 23, 2005, Jose Rincon and Ofelia Colimote obtained a loan from First Magnus Financial Corporation for real property located at 10 Quinn Avenue, Freedom, California. Excerpts of Record ("ER"), ECF No. 12-1 at 64, 71.  The loan was secured by a deed of trust.  ER

1
Case No. 17-CV-01464-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S GRANT OF RELIEF FROM AUTOMATIC STAY

71. Mortgage Electronic Registration Systems, Inc. ("MERS") was named as beneficiary of the trust. ER 72.

On August 22, 2011, MERS assigned the deed of trust to The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58 ("BNYM as Trustee"). ER 94.

On September 18, 2015, Rincon and Colimote recorded a grant deed transferring title to the property at 10 Quinn Avenue to Shetty. ER 214. Shetty contends that he bought the property from Rincon and Colimote on September 14, 2015, ECF No. 12 at 3, but the contract is not included in the excerpts of record.

On December 23, 2015, BNYM as Trustee, acting as beneficiary of the deed of trust, executed a Substitution of Trustee to name the Law Offices of Les Zieve as trustee of the deed of trust. ER 69. The Substitution of Trustee was recorded on January 20, 2016. ER 69. Also on January 20, 2016, the Law Offices of Les Zieve recorded a Notice of Default and Election to Sell Under Deed of Trust. ER 97.

On April 18, 2016, Shetty filed in state court a complaint for quiet title and declaratory judgment against BNYM as Trustee. ER 205.

On April 22, 2016, the Law Offices of Les Zieve recorded a Notice of Trustee's Sale. ER 102. The sale was scheduled to take place on May 18, 2016. ER 102. BNYM as Trustee bought the property. ER 105. On May 23, 2016, a Trustee's Deed Upon Sale was recorded. ER 105.

On July 1, 2016, BNYM served Rincon and Colimote with a notice to quit. ER 109-10, 112. On July 7, 2016, BNYM filed an unlawful detainer action in state court. ER 116-18. On October 7, 2016, BNYM filed a motion for summary judgment on the unlawful detainer action. ER 42.

On October 20, 2016, the day before the motion for summary judgment was set to be heard, Colimote filed a petition for Chapter 13 bankruptcy. ER 136-42, 151. On November 7, 2016, the Bankruptcy Court dismissed Colimote's case for failure to obey the Bankruptcy Court's

2
Case No. 17-CV-01464-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S GRANT OF RELIEF FROM AUTOMATIC STAY

order to file missing documents. ER 147. After the Colimote bankruptcy case ended, BNYM re-noticed its motion for summary judgment in the unlawful detainer action for December 14, 2016. ER 151. The hearing was reset for December 16, 2016 pursuant to the state court clerk's request. ER 153.

On December 12, 2016, Shetty filed in state court a First Amended Verified Complaint against the Law Offices of Les Zieve for wrongful foreclosure, among other causes of action. ER 222.

On December 15, 2016, the day before the motion for summary judgment in the unlawful detainer action was set to be heard, Rincon filed a petition for Chapter 11 bankruptcy. ER 155-61. On December 30, 2016, the Bankruptcy Court dismissed Rincon's case for failure to comply with court orders. ER 169.

On January 4, 2017, BNYM again re-noticed its motion for summary judgment in the unlawful detainer action for January 18, 2017. ER 171. On January 17, 2017, Rincon filed a Chapter 7 bankruptcy petition. ER 1.

On February 7, 2017, BNYM filed a motion for relief from the automatic stay. ER 2-3, 10-15. On February 22, 2017, Shetty filed an opposition. ER 3, 176-99. BNYM filed a reply on March 1, 2017. ER 4, 359-63.

The Bankruptcy Court held a hearing on March 3, 2017 at which counsel for BNYM and Shetty appeared. ER 4, 373. At the hearing, Shetty briefly argued that BNYM in its individual capacity was the party seeking the stay, whereas BNYM as Trustee was the party that Shetty said "purportedly foreclosed on this property." ER 376. The Bankruptcy Court observed that whether or not Shetty recognized the foreclosure sale as valid, the recorded Trustee's Deed Upon Sale was prima facie evidence that Rincon did not own the property. ER 377. The Bankruptcy Court added that to the extent Shetty or Rincon were litigating whether the foreclosure sale was lawful, the Bankruptcy Court's order granting relief from the stay would "not impact that court's proceedings." ER 377. The Bankruptcy Court then indicated its intent to grant relief from the automatic stay. ER 377-78.

3
Case No. 17-CV-01464-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S GRANT OF RELIEF FROM AUTOMATIC STAY

On March 8, 2017, the Bankruptcy Court issued an order granting BNYM's motion for relief from the automatic stay. ER 369-70.

**B.  Procedural History of the Instant Appeal**

Shetty filed a notice of appeal on March 17, 2017. ECF No. 1. The appeal's docket identified Rincon as the appellee, not BNYM.

On April 11, 2017, the bankruptcy record was lodged with the Court. ECF No. 4. On July 7, 2017, the clerk of the United States Bankruptcy Court certified that the record on appeal was complete. ECF No. 5. On July 10, 2017, Shetty filed a notice in which he claimed that "the transcript designated by the appellant on appeal has not yet been transmitted or filed in the United States District [C]ourt and thus the appellate record remains incomplete." ECF No. 6.

On September 12, 2017, the Court ordered Shetty to file a status update notifying the Court when the record on appeal would be complete. ECF No. 8. On September 18, 2017, Shetty filed a request to augment the record on appeal to include the transcript of the Bankruptcy Court's March 3, 2017 hearing. ECF No. 9. The Court granted Shetty's request to augment the record on September 19, 2017, and set a briefing schedule. ECF No. 11.

On October 20, 2017, Shetty filed his opening brief. ECF No. 12 ("Shetty Br."). No party filed a timely response. On December 4, 2017, the Court ordered the Clerk to add BNYM to the docket as an appellee. ECF No. 13. The Court also issued orders to show cause why Shetty's requested relief should not be granted to BNYM and Rincon because neither party had filed a timely response. ECF Nos. 14, 15. On December 15, 2017, BNYM filed a written response to the order to show cause. ECF No. 16. That same day, the Court vacated both orders to show cause and directed BNYM to file a response to Shetty's opening brief. ECF No. 18.

BNYM filed its response on January 18, 2018. ECF No. 20 ("BNYM Br."). Shetty filed a reply brief on January 29, 2018. ECF No. 23 ("Reply").

**II.  STANDARD OF REVIEW**

A federal district court has jurisdiction to entertain an appeal from the Bankruptcy Court under 28 U.S.C. § 158(a), which provides: "The district courts of the United States shall have

4

Case No. 17-CV-01464-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S GRANT OF RELIEF FROM AUTOMATIC STAY

jurisdiction to hear appeals . . . from final judgments, orders, and decrees[ ] of bankruptcy judges[.]" On appeal, a district court reviews a bankruptcy court's conclusions of law de novo, and the bankruptcy court's factual findings for clear error. *In re Greene,* 583 F.3d 614, 618 (9th Cir. 2009) (citing *In re Raintree Healthcare Corp.*, 431 F.3d 685, 687 (9th Cir. 2005)); *In re Salazar,* 430 F.3d 992, 994 (9th Cir. 2005). "The decision to grant or deny relief from the automatic stay is committed to the sound discretion of the bankruptcy court, and [this Court] review[s] such [a] decision under the abuse of discretion standard." *In re Conejo Enters., Inc.*, 96 F.3d 346, 351 (9th Cir. 1996). "Decisions committed to the bankruptcy court's discretion will be reversed only if 'based on an erroneous conclusion of law or when the record contains no evidence on which [the bankruptcy court] rationally could have based that decision.'" *Id.* (quoting *In re Windmill Farms, Inc.*, 841 F.2d 1467, 1472 (9th Cir. 1988)).

## III. DISCUSSION

As an initial matter, the parties disagree about which issues are presented in this appeal. In his opening brief, Shetty identifies three issues: (1) whether the Bankruptcy Court erred by concluding that a trustee's deed upon sale is prima facie evidence that the debtor does not own the property sufficient to grant relief from the stay; (2) whether BNYM is a real party in interest or has standing to seek relief from the stay; and (3) whether the Bankruptcy Court had jurisdiction to adjudicate the motion for relief from the stay. Shetty Br. at 7. Underpinning Shetty's arguments is his observation that the relevant deed of trust and foreclosure sale documents identify BNYM as Trustee as the relevant party, whereas the party that moved for relief from the automatic stay was only identified as BNYM. Shetty views BNYM and BNYM as Trustee as distinct entities and argues that as a result, BNYM is not the proper party to bring the motion for relief from the automatic stay. *See* Shetty Br. at 8-20.

BNYM rephrased the issues on appeal in its response as (1) whether a trustee's deed upon sale is insufficient evidence of ownership to support a relief from stay motion; (2) whether BNYM is a creditor; and (3) whether the Bankruptcy Court lacks authority to decide relief from stay motions. BNYM Br. at 1. In his reply brief, Shetty insists that his opening brief did not raise any

of the issues identified by BNYM. Reply at 1 ("Appellant *did not raise* any of these issues in his Opening Brief[.]"). Instead, Shetty stresses the distinction between BNYM and BNYM as Trustee as the dispositive issue on appeal. *See* Reply at 1-5. Specifically, Shetty contends that BNYM is not the real party in interest and is not a creditor within the meaning of the bankruptcy code. *Id.* at 4. Accordingly, the Court first addresses the legal consequences, if any, of BNYM bringing the motion for relief from the stay in its own name, without specifying whether it was acting in its capacity as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58.

**A.     BNYM Need Not Have Specified That It Was Acting as Trustee**

Shetty argues that BNYM brought the motion for relief from the automatic stay in its individual capacity, whereas BNYM should have brought the motion in its capacity as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-58, Mortgage Pass-Through Certificates, Series 2005-58.[1] Reply at 1-5. Shetty reasons that because BNYM brought the motion for relief in the wrong capacity, BNYM had no standing and the Bankruptcy Court did not have jurisdiction to grant the relief. BNYM responds that it need not use the word "trustee" in its papers to be the real party in interest under Federal Rule of Civil Procedure 17 and California law. BNYM Br. at 7. BNYM is correct.

Federal Rules of Bankruptcy Procedure 7017 and 9014 incorporate Federal Rule of Civil Procedure 17 into adversary bankruptcy proceedings. Federal Rule of Civil Procedure 17(a)(1) requires that "[a]n action must be prosecuted in the name of the real party in interest." However,

---

[1] Shetty's alternate contention that BNYM "is a nonexistent entity" because BNYM fails to use its full legal name ("The Bank of New York Mellon Corporation") in its filings is unavailing. *See* Shetty Br. at 6-7. Courts routinely overlook such technical errors in identifying parties when the real party in interest is actively litigating the case. *See, e.g.*, *Huluwazu v. Snyder*, No. 17-CV-3886-LHK, 2017 WL 5991865, at *1 n.1 (N.D. Cal. Dec. 4, 2017) (noting that the plaintiff mistakenly named "Oracle, Inc." instead of "Oracle Corp." but stating that the proper corporate entities had nonetheless appeared and defended the suit); *L A Ramco Jewelry Company Inc. v. Chase Bank USA NA*, CV 12-3925 GAF, 2012 WL 13013416, at *1 n.1 (C.D. Cal. July 10, 2012) (noting that Plaintiff misidentified itself as "LA Ramco Jewelry Company, Inc." when its legal name was "L A Ramco Jewelry, Inc."); *Howard v. Kiewit Pac. Corp.*, No. Civ. 05-525ACK/KSC, 2006 WL 278603, at *2 n.4 (D. Haw. Jan. 19, 2006) (noting that the operative complaint erroneously named "Kiewit Pacific Corp." rather than "Kiewit Pacific Co.").

1  Rule 17(a)(1)(E) specifies that a trustee of an express trust "may sue in [its] own name[] without

2  joining the person for whose benefit the action is brought." Rule 17(b) provides that, except for

3  several circumstances not applicable here, the capacity to sue or be sued is determined by the law

4  of the state where the court is located. Fed. R. Civ. P. 17(b)(3).

5  Thus, the plain language of Rule 17 allows the trustee of an express trust—here, BNYM—

6  to "sue in [its] own name[]." Shetty does not mention Rule 17 or Bankruptcy Rule 7017, let alone

7  cite any authority interpreting these rules that support his position that a trustee must specify that it

8  is acting in its capacity as trustee. Nor does Shetty cite any other authority for his contention that

9  the trustee of an express trust "may only prosecute an unlawful detainer action in Superior [C]ourt

10 or file for motion for relief in Bankruptcy proceedings only as **a Trustee**." Shetty Br. at 8

11 (emphasis in original); *see also* Reply at 1. To the extent that Rule 17 is not dispositive of

12 BNYM's capacity to act as trustee without explicitly identifying the capacity in which it acts, the

13 Court looks to California law for clarification. *See* Rule 17(b)(3).

14 Like Rule 17, California Code of Civil Procedure § 369 allows the trustee of an express

15 trust to "sue without joining as parties the persons for whose benefit the action is prosecuted."

16 Cal. Code Civ. P. § 369(a)(2). Moreover, California courts have rejected the precise argument that

17 Shetty makes here. For example, in *McKoin v. Rosefelt*, 153 P.2d 55, 60 (Cal. Ct. App. 1944), the

18 appellants argued that "plaintiff is not the proper party plaintiff for the reason that he claims to act

19 as trustee for the benefit of creditors and, therefore, should have brought the action as such

20 trustee." The California Court of Appeal rejected this argument, relying in part on § 280(h) of the

21 Restatement of Trusts, which said that "it is unnecessary for the trustee in the pleadings or other

22 proceedings to describe himself as trustee. He can proceed in the action as though he were the

23 owner of the claim which he is enforcing. If he does describe himself as trustee the description is

24 treated as surplusage." *Id.*; *see also Nye & Nissen v. Central Surety & Ins. Corp.*, 163 P.2d 100

25 (Cal. Ct. App. 1945) ("If the finding [that Nye & Nissen was not acting as a trustee] was made on

26 the theory that the complaint should have used the word 'trustee' it is nevertheless error because

27 section 369 . . . supplies that terminology when the pleading discloses that the contract in suit was

28

one 'made for the benefit' of the third party in whose behalf the suit is maintained.").

More recent decisions of the California Court of Appeal confirm that this principle still applies. In *Indulkar v. East Desert Valley Investments, Inc.*, No. G050400, 2015 WL 544913, at *9 (Cal. Ct. App. Feb. 10, 2015), the California Court of Appeal approvingly quoted the same passage of *McKoin* cited above and concluded that the appellant "could have enforced the trusts' rights . . . even though he had not mentioned the fact that he was trustee of the trusts." In *Hassoldt v. Patrick Media Group, Inc.*, 100 Cal. Rptr. 2d 662, 675 (Ct. App. 2000), *disapproved on another ground in People v. Rogers*, 304 P.3d 124 (Cal. 2013), the California Court of Appeal relied on *McKoin* to hold that plaintiffs who were both trustees and beneficiaries of a trust "could maintain an action in their own name, i.e., without mentioning the trust."

As a result, Shetty's contention that BNYM was not the proper party in interest to bring the motion for relief from the automatic stay fails as a matter of law. Under Federal Rule of Civil Procedure 17, incorporated into adversary bankruptcy proceedings through Federal Rules of Bankruptcy Procedure 7017 and 9014, the trustee of an express trust can act in its own name. To the extent that these rules do not resolve the issue, California courts have clearly rejected the same argument that Shetty makes here and have held instead that a trustee can act on behalf of a trust without formally mentioning the trust or that it is acting in its capacity as trustee in its filings.

In the alternative, if any doubt remained that BNYM intended to act in its capacity as trustee, the various filings in this case make clear that BNYM intended to act in its capacity as trustee. *See Boland v. Cecil*, 150 P.2d 819, 824 (Cal. App. Dep't Super. Ct. 1944) ("Where it is doubtful in what capacity a party sues or is sued, reference may be had to the entire complaint." (internal quotation marks omitted)). For example, in *Katleman v. First National Bank of Nevada*, 28 Cal. Rptr. 135, 137 (Ct. App. 1963), the defendant bank "failed to indicate in what capacity the Bank was appearing[,] designating its appearance neither in an individual or corporate capacity nor as a representative of the estate." The California Court of Appeal looked to other filings in the case to determine that the bank intended to appear as co-administrator of an estate, notwithstanding the bank's failure to specify the capacity in which it appeared. *Id.* Here, the

8

Case No. 17-CV-01464-LHK
ORDER AFFIRMING BANKRUPTCY COURT'S GRANT OF RELIEF FROM AUTOMATIC STAY

various recorded documents related to the deed of trust and foreclosure proceedings that BNYM attached in support of its motion for relief from the automatic stay all reference BNYM as Trustee. Thus, the record makes clear that BNYM intended to act in the bankruptcy proceeding in its capacity as trustee. *See Katleman*, 28 Cal. Rptr. at 137.

### B. Shetty's Appeal Fails as a Matter of Law as a Result

Shetty makes clear in his Reply that his appeal is entirely premised on his argument that BNYM in its individual capacity was not the proper party to bring the motion for relief from an automatic stay. *See* Reply at 1-5. Because the Court concludes that BNYM did not err by bringing the motion for relief from the automatic stay in its own name without mentioning that it was acting in its capacity as Trustee, Shetty's arguments fail as a matter of law. Accordingly, the Bankruptcy Court did not abuse its discretion in granting BNYM's motion for relief from the stay.

### IV. CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court granting BNYM relief from the automatic stay is AFFIRMED.

**IT IS SO ORDERED.**

Dated: February 23, 2018

_____
LUCY H. KOH
United States District Judge